IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PERRY ALAN JAMES and          §
MARY LYNN JAMES,              §
                             §
            Plaintiffs,       §
                             §
v.                           §     CIVIL ACTION NO. H-14-0449
                             §
WELLS FARGO BANK, N.A.,       §
                             §
            Defendant.        §

## MEMORANDUM OPINION AND ORDER

Plaintiffs Perry Alan James and Mary Lynn James ("Plaintiffs")
brought this action against defendant Wells Fargo Bank, N.A.
("Wells Fargo") in the 284th Judicial District Court of
Montgomery County, Texas, where it was filed under Cause No. 14-02-
01392-CV.  Wells Fargo removed the action to this court.  Pending
before the court is Defendant's Motion to Dismiss Pursuant to
Rule 12(b)(6) and Brief in Support ("Motion to Dismiss") (Docket
Entry No. 6).  For the reasons explained below, Wells Fargo's
Motion to Dismiss will be granted.

## I.  Background

In connection with the refinancing of their home mortgage,
Plaintiffs executed a Note and Deed of Trust in favor of Amerigroup
Mortgage Corporation in 2002.[1]  The mortgage was subsequently

---

[1]Plaintiffs' Original Petition ("Original Petition"),
Exhibit B-2 to Defendant Wells Fargo Bank, N.A.'s Notice of Removal
(continued...)

assigned to Wells Fargo.[2]  Plaintiffs fell behind on their payments after plaintiff Perry Alan James was "injured on the job and began collecting disability payments."[3]

Plaintiffs allege that Wells Fargo "agreed to work with [them] in their delinquency" and "suggested modifying the note and putting the delinquent payments on the end of the note."[4]  However, "[e]ach time Plaintiffs submitted the requested paper work, [Wells Fargo] failed to respond concerning the modification."[5]  Plaintiffs "sent in documentation concerning the proposed modification" and Wells Fargo "continued to accept payments and discuss a contemplated loan modification" with Plaintiffs.[6]  Wells Fargo sold the property at a foreclosure sale on February 7, 2012.[7]

On February 6, 2014, Plaintiffs brought this action against Wells   Fargo   in   the   284th   Judicial   District   Court   of

---

[1](...continued)
Under 28 U.S.C. § 1441 ("Notice of Removal"), Docket Entry No. 1-4; Note, Exhibit A to Motion to Dismiss, Docket Entry No. 6-2; Deed of Trust, Exhibit B to Motion to Dismiss, Docket Entry No. 6-3.  Page citations are to the pagination imprinted by the federal court's electronic filing system at the top and right of the document.

[2]Original Petition, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-4, p. 2.

[3]Id.

[4]Id.

[5]Id.

[6]Id.

[7]Id. at 2, 5; Substitute Trustee's Deed, Exhibit C to Motion to Dismiss, Docket Entry No. 6-4.

Montgomery County, Texas, where it was filed under Cause No. 14-02-01392-CV.[8]  On February 24, 2014, Wells Fargo filed an answer in the state court.[9]  Wells Fargo removed the action to this court the same day.[10]  On March 14, 2014, Wells Fargo filed its Motion to Dismiss.[11]  Plaintiffs filed their Response on April 30, 2014,[12] and Wells Fargo filed its Reply on May 7, 2014.[13]

## II.  **Applicable Law**

Wells Fargo has moved to dismiss Plaintiffs' Original Petition for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[14]  However, because Wells Fargo had already filed an answer[15] to Plaintiffs' Original Petition, Wells Fargo's 12(b)(6) motion was untimely.  See Fed. R. Civ. P. 12(b).  When a 12(b) motion is filed after the pleadings are closed "[s]uch motion[]

---

[8]Original Petition, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-4; see also Register of Actions, Exhibit B-1 to Notice of Removal, Docket Entry No. 1-3.

[9]Defendant Wells Fargo Bank, N.A.'s Original Answer and Affirmative Defenses ("Answer"), Exhibit B-4 to Notice of Removal, Docket Entry No. 1-6.

[10]Notice of Removal, Docket Entry No. 1.

[11]Motion to Dismiss, Docket Entry No. 6.

[12]Plaintiffs Perry Alan James and Mary Lynn James' Opposition to Motion to Dismiss ("Response"), Docket Entry No. 13.

[13]Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss ("Reply"), Docket Entry No. 14.

[14]Motion to Dismiss, Docket Entry No. 6.

[15]See Answer, Exhibit B-4 to Notice of Removal, Docket Entry No. 1-6.

will be treated as a motion for judgment on the pleadings based on a failure to state a claim on which relief may be granted." <u>Jones v. Greninger</u>, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam). The court will therefore construe Wells Fargo's Motion to Dismiss as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

Rule 12(c) "'is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.'" <u>Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.</u>, 313 F.3d 305, 312 (5th Cir. 2002) (quoting <u>Hebert Abstract Co. v. Touchstone Props., Ltd.</u>, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)). A motion brought pursuant to Rule 12(c) should be granted if there is no issue of material fact and if the pleadings show that the moving party is entitled to judgment as a matter of law. <u>Greenberg v. General Mills Fun Group, Inc.</u>, 478 F.2d 254, 256 (5th Cir. 1973).

A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss for failure to state a claim. <u>See In re Great Lakes Dredge & Dock Co. LLC</u>, 624 F.3d 201, 209 (5th Cir. 2010); <u>Guidry v. American Public Life Insurance Co.</u>, 512 F.3d 177, 180 (5th Cir. 2007); <u>Jones</u>, 188 F.3d at 324. The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiffs, and draw all reasonable inferences in the plaintiffs' favor. <u>Great Plains Trust</u>

Co., 313 F.3d at 312-13; Ramming v. United States, 281 F.3d 158,

161 (5th Cir. 2001); Jones, 188 F.3d at 324.

> "When a federal court reviews the sufficiency of a
> complaint, before the reception of any evidence either by
> affidavit or admissions, its task is necessarily a
> limited one.  The issue is not whether a plaintiff will
> ultimately prevail but whether the claimant is entitled
> to offer evidence to support the claims."

Swierkiewicz v. Sorema N.A., 122 S. Ct. 992, 997 (2002) (quoting

Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974)).

To avoid dismissal a plaintiff must allege "'enough facts to

state a claim to relief that is plausible on its face.'" Doe v.

MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008) (quoting Bell

Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).

Plausibility requires "more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct.

1937, 1949 (2009).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the

misconduct alleged." Id.  "Where a complaint pleads facts that are

merely consistent with a defendant's liability, it stops short of

the line between possibility and plausibility of entitlement to

relief." Id. (quoting Twombly, 127 S. Ct. at 1966) (internal

quotation marks omitted).  The court will "'not accept as true

conclusory allegations, unwarranted factual inferences, or legal

conclusions.'" Gentilello v. Rege, 627 F.3d 540, 544 (5th Cir.

2010) (quoting Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th

-5-

Cir. 2005). "[D]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill, 561 F.3d 377, 384 (5th Cir. 2009).

When considering a motion to dismiss courts are generally "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)); see also C.H., II ex rel. L.H. v. Rankin Cnty. Sch. Dist., 415 F. App'x 541, 545 (5th Cir. 2011) ("A district court may look to the pleadings and any documents attached thereto." (citing Great Plains Trust Co., 313 F.3d at 313)). The court may also take judicial notice of matters of public record. See Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007); Great Plains Trust Co., 313 F.3d at 312.

When a party presents "matters outside the pleadings" with a motion under 12(c), the court has discretion to either accept or exclude the evidence for purposes of the motion. See Fed. R. Civ. P. 12(d); Isquith ex rel. Isquith v. Middle South Utilities, Inc., 847 F.2d 186, 194 n.3 (5th Cir. 1988). However, "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable

opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Plaintiffs have attached a copy of a January 6, 2012, letter sent by Wells Fargo's foreclosure counsel to Mary Lynn James[16] and a January 26, 2012, letter sent by Plaintiffs to Wells Fargo's foreclosure counsel.[17] Exhibits attached to a complaint "are part of the complaint 'for all purposes.'" United States ex rel. Riley v. St. Luke's Episcopal Hosp., 355 F.3d 370, 375 (5th Cir. 2004) (quoting Fed. R. Civ. P. 10(c)). Defendants have attached copies of the Note,[18] Deed of Trust,[19] and Substitute Trustee's Deed.[20] Because these documents are matters of public record[21] of which the court may take judicial notice, and are referenced in Plaintiff's Original Petition,[22] and are central to Plaintiffs' claims,[23] the

---

[16]Letter dated January 6, 2012 ("Notice of Acceleration"), Exhibit A to Original Petition, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-4, p. 6.

[17]Letter dated January 26, 2012 ("Dispute Letter"), Exhibit B to Original Petition, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-4, p. 8.

[18]Note, Exhibit A to Motion to Dismiss, Docket Entry No. 6-2.

[19]Deed of Trust, Exhibit B to Motion to Dismiss, Docket Entry No. 6-3.

[20]Substitute Trustee's Deed, Exhibit C to Motion to Dismiss, Docket Entry No. 6-4.

[21]See Deed of Trust, Exhibit B to Motion to Dismiss, Docket Entry No. 6-3, p. 18; Substitute Trustee's Deed, Exhibit C to Motion to Dismiss, Docket Entry No. 6-4, p. 4.

[22]See Original Petition, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-4, pp. 2, 5; Notice of Acceleration, Exhibit A
(continued...)

-7-

court concludes that they can be considered without converting the motion to dismiss to a motion for summary judgment.

### III.  <u>Analysis</u>

Plaintiffs style their claims against Wells Fargo as (1) an action for statutory and common law fraud, (2) an action to set aside the foreclosure and to declare the sale void, and (3) an action for declaratory judgment.[24]  Defendants have moved to dismiss all of Plaintiffs' claims.[25]

### A.  **Fraud**

Plaintiffs allege causes of action for statutory and common law fraud.  Plaintiffs contend that Wells Fargo's "statements concerning the contemplated forbearance to amend the loan contract or revise the figures as to the amount owed was a material misrepresentation of fact made to Plaintiffs."[26]  They allege in their Original Petition that

> [t]he parties to this lawsuit entered into conversations pertaining to a contemplated modification agreement.  On

---

[22](...continued)
to Original Petition, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-4, p. 6.

[23]<u>See</u> Original Petition, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-4, pp. 3-5.

[24]<u>Id.</u>

[25]Motion to Dismiss, Docket Entry No. 6.

[26]Original Petition, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-4, p. 3.

the strength of these conversations, property owners sent in documentation concerning income and the like. Aside from this information, Plaintiffs made several payments accepted by the bank. The lender continued to accept payments and discuss a contemplated loan modification, but never made any effort to adjust wrongful charges, apply funds available to the loan prior to foreclosing.[27]

Plaintiffs argue that because they "relied upon their conversations [with Wells Fargo] and, in fact, complied with the requests and continued to send in payments . . . believing that the matter would be resolved as represented," they have adequately alleged a cause of action for fraud.[28]

### 1. <u>Statutory Fraud</u>

Plaintiffs bring their statutory fraud claim under § 27.01 of the Texas Business and Commerce Code.[29] However, "[s]ection 27.01 only applies to misrepresentations of material fact made to induce another to enter into a contract for the sale of land or stock." <u>Burleson State Bank v. Plunkett</u>, 27 S.W.3d 605, 611 (Tex. App.—Waco 2000, pet denied). "'A loan transaction, even if secured by land, is not considered to come under the statute.'" <u>Dorsey v. Portfolio Equities, Inc.</u>, 540 F.3d 333, 343 (5th Cir. 2008) (quoting

---

[27]<u>Id.</u> at 4; <u>see also</u> <u>id.</u> at 2.

[28]<u>Id.</u> at 5; <u>see also</u> Response, Docket Entry No. 13, pp. 10–11 ¶¶ 26–29.

[29]Although Plaintiffs do not cite any statute in their Original Petition, they do recite the elements of a fraud claim under § 27.01. <u>See</u> Original Petition, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-4, p. 4. Moreover, Plaintiffs' Response cites § 27.01 as the statutory basis for their fraud claim. Response, Docket Entry No. 13, pp. 9–10 ¶ 25.

<u>Burleson</u>, 27 S.W.3d at 611). Because Plaintiffs do not allege any facts regarding a contract for the sale of land between the parties, § 27.01 does not apply, and Plaintiffs' statutory fraud claims fail as a matter of law. See <u>Massey v. EMC Mortgage Corp.</u>, 546 F. App'x 477, 482 (5th Cir. 2013); <u>Dorsey</u>, 540 F.3d at 343; <u>Ashton v. BAC Home Loans Servicing, L.P.</u>, No. 4:13-CV-810, 2013 WL 3807756, at *6 (S.D. Tex. July 19, 2013); <u>Pradhan v. JPMorgan Chase Bank, N.A.</u>, No. 4:12-cv-539, 2013 WL 617061, at *3 (E.D. Tex. Feb. 19, 2013).

### 2.  Common Law Fraud

To prevail on a fraud claim under Texas law a plaintiff must prove that (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; (4) the plaintiff actually and justi-fiably relied upon the representation; and (5) the plaintiff thereby suffered an injury. <u>Ernst & Young, L.L.P. v. Pacific Mut. Life. Ins. Co.</u>, 51 S.W.2d 573, 577 (Tex. 2001). Federal Rule of Civil Procedure 9(b) imposes a heightened level of pleading for fraud claims. A party bringing a fraud claim "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The plaintiff must therefore "'specify the statements contended to be fraudulent, identify the speaker, state

when and where the statements were made, and explain why the statements were fraudulent.'" Sullivan v. Leor Energy, LLC, 600 F.3d 542, 551 (5th Cir. 2010) (quoting ABC Arbitrage v. Tchuruk, 291 F.3d 336, 350 (5th Cir. 2002)).

Plaintiffs' common law fraud claims fail to meet the heightened pleading requirements of Rule 9(b). Plaintiffs allege that they relied on "statements concerning the contemplated forbearance to amend the loan contract"[30] and "conversations pertaining to a contemplated modification agreement."[31] Plaintiffs fail to state in sufficient detail what statements were fraudulent, identify the speaker, or state when and where the statements were made. Cf. Khan v. Wells Fargo Bank, N.A., No. H-12-1116, 2014 WL 200492, at *6-7 (S.D. Tex. Jan. 17, 2014). Plaintiffs also fail to explain why the statements were fraudulent or provide any factual enhancement for their conclusory allegation that "[t]he misrepresentations were made with the knowledge of their falsity or made recklessly without any knowledge of their truthfulness . . . with the intention that they should be acted [upon] by Plaintiff."[32]

The Dispute Letter attached to Plaintiffs' Original Petition, in which Plaintiffs dispute the amount of certain "foreclosure

---

[30]Original Petition, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-4, p. 3.

[31]Id. at 4; see also id. at 2.

[32]Id. at 3-4.

-11-

fees" related to a foreclosure proceeding in 2007, does identify
Jesse Swift, a representative of Wells Fargo, who "repeatedly
stated, from December 2009 until April 2010, that he had the
authority to review and remove/reduce the fees if found to be
excessive or inaccurate."[33]   The letter further alleges that
Plaintiffs "received a letter in June 2010 in which Jesse Swift
advised [Plaintiffs] that none of the fees would be reduced or
removed."[34]   However, Plaintiffs have not explained why these
statements are fraudulent, how Plaintiffs relied on them, or how
they caused Plaintiff to suffer any injury.  Accordingly, the court
concludes that Plaintiffs' fraud claims must be dismissed for
failure to meet the heightened pleading requirements of Rule 9(b).

Plaintiffs' fraud claims are also barred by the statute of
frauds.  "Under Texas law, application of the statute of frauds
bars a fraud claim to the extent that the plaintiff seeks to
recover as damages the benefit of a bargain that [] cannot
otherwise be enforced because it fails t[o] comply with the statute
of frauds."  Traynor v. Chase Home Finance, L.L.C., No. 3:11-CV-
800-K, 2013 WL 704932, at *3 (N.D. Tex. Feb. 27, 2013) (citing
Haase v. Glazner, 62 S.W.3d 795, 799 (Tex. 2001)).

As noted above, Plaintiffs' fraud claims are based on alleged
"statements" and "conversations" regarding a "contemplated

---

[33]Dispute Letter, Exhibit B to Original Petition, Exhibit B-2
to Notice of Removal, Docket Entry No. 1-4, p. 8.

[34]Id.

modification" of their mortgage loan.[35]  Plaintiffs' mortgage loan is governed by the statute of frauds.  See Gordon v. JPMorgan Chase Bank, N.A., 505 F. App'x 361, 364 (5th Cir. 2013) ("Under Texas law, a 'loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative.'" (quoting Tex. Bus. Com. Code § 26.02(b))).[36]  "When a written agreement is governed by the statute of frauds, it cannot be materially modified by a subsequent oral agreement."  Id. (citing Dracopoulas v. Rachal, 411 S.W.2d 719, 721 (Tex. 1967)); see also Martins v. BAC Home Loans Servicing, L.P., 722 F.3d 249, 256 (5th Cir. 2013) ("A loan agreement for more than $50,000 is not enforceable unless it is in writing. . . .  An agreement regarding the transfer of the property or modification of a loan must therefore be in writing to be valid.").

Here, Plaintiffs allege that Wells Fargo "agreed to work with [them] in their delinquency," that Wells Fargo "suggested modifying the note and putting the delinquent payments on the end of the note," and that "[e]ach time [they] submitted the requested paper

---

[35]Original Petition, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-4, pp. 2, 4.

[36]See Note, Exhibit A to Motion to Dismiss, Docket Entry No. 6-2, p. 1; Deed of Trust, Exhibit B to Motion to Dismiss, Docket Entry No. 6-3, p. 1; see also Notice of Acceleration, Exhibit A to Original Petition, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-4, p. 6.

work [Wells Fargo] failed to respond concerning the modification."[37]
Such representations by Wells Fargo do not constitute an oral
agreement to modify Plaintiffs' mortgage loan.   Moreover, to the
extent that Plaintiffs allege the existence of such an agreement,
it would be unenforceable under the statute of frauds, and
Plaintiffs' fraud claims based on that agreement would fail as a
matter of law.   See Traynor, 2013 WL 704932, at *3 ("Application of
the statute of frauds to a contract vitiates a fraud claim based on
the same facts." (quoting Collins v. Allied Pharmacy Mgmt., Inc.,
871 S.W.2d 929, 936 (Tex. App.—Houston [14th Dist.] 1994, no
writ))).   Accordingly, Plaintiffs' claims for common law fraud will
be dismissed.[38]

---

[37]Original Petition, Exhibit B-2 to Notice of Removal, Docket
Entry No. 1-4, p. 2; see also id. at 4-5.

[38]Plaintiffs also allege that "at a time when no delinquency
existed on the loan [Wells Fargo] without cause or justification
locked the Plaintiffs out of the property many months before the
sale." Id. at 3.  Plaintiffs further allege that "[s]uch action
. . . resulted in the loss of substantial personal property
belonging to Plaintiffs that was located inside the property when
it was stolen by vandals." Id.  Plaintiffs have not alleged any
independent cause of action related to these allegations and appear
to argue that they support their fraud claims as evidence of
damages. See Response, Docket Entry No. 13, pp. 10-11 ¶¶ 28-29,
pp. 12-13 ¶ 33.  The court has already concluded that Plaintiffs'
fraud claims fail under Rule 9(b) and the statute of frauds.
Plaintiffs argue that their "common law fraud claim for out-of-
pocket damages incurred in reliance on the alleged promise survives
the statute of frauds." Id. at 12 ¶ 33 (citing 1001 McKinney Ltd.
v. Credit Suisse First Boston Mortgage Capital, 192 S.W.3d 20 (Tex.
App.—Houston [14th Dist.] 2005, pet. denied)).  However, even if
Plaintiffs could show that they suffered damages in reliance on an
oral promise by Wells Fargo, Plaintiffs' allegations still fail to
meet the requirements of Rule 9(b).  Accordingly, Plaintiffs' fraud
claims related to these allegations will be dismissed.

-14-

**B.   Action to Set Aside the Foreclosure Sale**

Plaintiffs allege that "[t]his action is a suit in part to set aside the foreclosure sale of [their] home."[39]   In support of their "action to set aside the foreclosure sale," Plaintiffs allege that "[p]rior to foreclosing on the property, [Wells Fargo] did not send either the Notice of Default or the Notice of Foreclosure sale to the proper address, as required by the Deed of Trust and the Texas Property Code."[40]

In its Motion to Dismiss, Wells Fargo construes Plaintiffs' allegations as a cause of action for equitable rescission.[41] However, "[u]nder Texas law, rescission is a remedy, not a separate cause of action." Garnica v. Argent Mortgage Co., LLC, No. 4:13-CV-2331, 2014 WL 1338703 at *10-11 (S.D. Tex. March 27, 2014) (citing Scott v. Sebree, 986 S.W.2d 364, 368 (Tex. App. —Austin 1999, pet. denied)); see also Garcia v. Universal Mortgage Corp., No. 3:12-CV-2460-L, 2013 WL 1858195, at *12 (N.D. Tex. May 3, 2013) (dismissing a claim for equitable rescission based on fraud "because Plaintiffs have not prevailed in any of their underlying claims" and were thus "not entitled to any remedy"); In re Double S Petroleum, Ltd., No. 04-05-00643-CV, 2005 WL 3406295, at *5 (Tex. App.—San Antonio Dec. 14, 2005, no pet.)

---

[39]Original Petition, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-4, p. 5.

[40]Id.

[41]Motion to Dismiss, Docket Entry No. 6, pp. 7-9 ¶¶ 23-27.

(mem. op.) ("[R]escission is not a 'claim' or a legal cause of action but an equitable remedy used as a substitute for monetary damages when such damages are inadequate."). Accordingly, Plaintiffs' "action to set aside the foreclosure sale" must be supported by an independent cause of action.[42]

Courts generally construe claims alleging failure to properly notice under § 51.002 as claims for wrongful foreclosure. See, e.g., Ashton, 2013 WL 3807756, at *4; Martinez-Bey v. Bank of Am., N.A., No. 3:12-CV-4986-G BH, 2013 WL 3054000, at *10-11 (N.D. Tex. June 18, 2013); Hill v. Wells Fargo Bank, N.A., No. V-12-11, 2012 WL 2065377, at *7-8 (S.D. Tex. June 6, 2012). Indeed, Plaintiffs state in their Response that their Original Petition "gives adequate notice to [Wells Fargo] of a claim for wrongful foreclosure for failure to comply with the adequate notices."[43] In order to state a claim for wrongful foreclosure, however, Plaintiffs must also allege a grossly inadequate selling price and a causal link between the procedural defect and the selling price. Miller v. BAC Home Loans Servicing, L.P., 726 F.3d 717, 726-27 (5th Cir. 2013); Martins, 722 F.3d at 256. Because Plaintiffs have not

_____

[42]To the extent that Plaintiffs seek rescission based on fraud, such claim fails for the reasons stated in § III.A, above. Cf. Garcia, 2013 WL 1858195, at *12 ("[T]he court will construe their remaining claims for rescission as a claim for the equitable remedy of rescission based on fraud. . . . [T]he court determines that because Plaintiffs have not prevailed in any of their underlying claims, this claim is now moot as they are not entitled to any remedy.").

[43]Response, Docket Entry No. 13, p. 8 ¶ 22.

alleged either a grossly inadequate selling price or the requisite causal link, their Original Petition "lacks an allegation regarding a required element necessary to obtain relief." Stockstill, 561 F.3d at 384.  Therefore, to the extent Plaintiffs seek to set aside the foreclosure sale based on a theory of wrongful foreclosure, such claim is dismissed.

However, Plaintiffs' allegation that Wells Fargo "did not send either the Notice of Default or the Notice of Foreclosure sale to the proper address, as required by the Deed of Trust" sounds in contract.  "The elements of a breach of contract claim under Texas law are:  (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from the breach."  Lewis v. Bank of Am. NA, 343 F.3d 540, 544–45 (5th Cir. 2003) (citing Palmer v. Espey Huston & Assocs., Inc., 84 S.W.3d 345, 353 (Tex. App.—Corpus Christi 2002, pet. denied)).  The Fifth Circuit has held that a mortgagor who has defaulted on the underlying note cannot maintain a cause of action for a mortgagee's subsequent breach of the deed of trust because "a party in default cannot assert a claim for breach against the other party."  Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n, 509 F. App'x 367, 369 (5th Cir. 2013) (citing Dobbins v. Redden, 785 S.W.2d 377, 378 (Tex. 1990)); see also Thomas v. EMC Mortgage Corp., 499 F. App'x 337, 341 (5th Cir. 2012).  But see Miller v. CitiMortgage, Inc., 970 F. Supp. 2d 568, 580 (N.D. Tex. 2013) (noting that "the

contractual terms that Plaintiff alleges were . . . breached are terms that would come into effect if the lender claims a default and pursues acceleration, such as when, for example, the borrower fails to make payments"); Gatling v. CitiMortgage, Inc., No. H-11-2879, 2013 WL 1625126, at *6 (S.D. Tex. April 15, 2013) ("The notices at issue presuppose that the recipient is in breach of her contractual obligations. Failure to provide the required notice is nonetheless actionable."). Plaintiffs acknowledge that "[t]he loan fell behind" and that they sought a modification "putting the delinquent payments on the end of the Note."[44] Accordingly, Plaintiffs cannot maintain a cause of action for breach of contract against Wells Fargo.

Under Texas law, however, "[a]ny suit that involves a dispute over the title to land is, in effect, an action in trespass to try title, whatever its form and regardless of whether legal or equitable relief is sought." Jordan v. Exxon Corp., 802 S.W.2d 880, 883 (Tex. App.—Texarkana 1991, no writ). "Trespass to try title is a statutory action with specific pleading requirements." Singha v. BAC Home Loans Servicing, L.P., No. 13-40061, 2014 WL 1492301, at *5 (5th Cir. April 17, 2014) (citing Tex. Prop. Code Ann. § 22.001 (West); Tex. R. Civ. P. 783). "To succeed, the 'Plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common

---

[44]Original Petition, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-4, p. 2.

source, (3) prove title by limitation, or (4) prove title by prior possession coupled with proof that possession was not abandoned.'" Id. (quoting Martin v. Amerman, 133 S.W.3d 262, 265 (Tex. 2004)).

"The rule has long been established in [Texas] that where a deed is absolutely void, a suit at law in trespass to try title may be maintained to recover the land without setting the deed aside . . . ." Slaughter v. Qualls, 162 S.W.2d 671, 674 (1942). This is because "[a] trustee has no power to sell the debtor's property, except such as may be found in the deed of trust; and the powers therein conferred must be strictly followed." Id. at 675. By the same reasoning, "[f]ailure to follow the terms of the deed of trust will give rise to a cause of action to set aside the trustee's deed." University Sav. Ass'n v. Springwoods Shopping Ctr., 644 S.W.2d 705, 706 (Tex. 1982) (citing Slaughter v. Qualls, 162 S.W.2d 671 (1942); see also F.D.I.C. v. Myers, 955 F.2d 348, 350-51 (5th Cir. 1992). Likewise, "[u]nder Texas law, a foreclosure sale may be set aside as invalid if notice under section 51.002 is not properly and timely served." Rodriguez v. U.S. Bank, N.A., No. SA-12-CV-345-XR, 2013 WL 3146844, at *8 (W.D. Tex. June 18, 2013); see also Savers Fed. Sav. & Loan Ass'n v. Reetz, 888 F.2d 1497, 1502 n.6 (5th Cir. 1989); Fraley v. BAC Home Loans Servicing, LP, No. 3:11-CV-1060-N-BK, 2012 WL 779130, at *9 (N.D. Tex. Jan. 10, 2012). Furthermore, although "'minor defects in an otherwise valid foreclosure sale do not void it' . . . . [f]ailing to send the required notices is . . . not the type of minor

-19-

noncompliance that the case law overlooks." <u>Brush v. Wells Fargo</u>
<u>Bank, N.A.</u>, 911 F. Supp. 2d 445, 474 (S.D. Tex. 2012) (quoting
<u>Kourosh Hemyari v. Stephens</u>, 355 S.W.3d 623, 628 (2011) (per
curiam)); <u>see also</u> <u>Shearer v. Allied Live Oak Bank</u>, 758 S.W.2d 940,
942 (Tex. App.—Corpus Christi 1988, writ denied) ("The bank's
failure to send notice by certified mail as required by law and as
required by the deed of trust was sufficient reason for the trial
court to set aside the foreclosure sale of the real property. . . .
Therefore, we find the evidence supports the trial court's judgment
that the foreclosure sale of the real property subject to the deed
of trust was void."); <u>Phipps v. Fuqua</u>, 32 S.W.2d 660, 662 (Tex.
Civ. App.—Amarillo 1930, writ ref'd) (holding a substitute
trustee's deed void for failure to comply with statutory and
contractual notice requirements).

Here, Plaintiffs seek to "set aside the February 7, 2012
Substitute Trustee's Deed" as void.[45]    However, even if the
Substitute Trustee's Deed is void, "[t]ender of whatever sum is
owed on the mortgage debt is a condition precedent to the
mortgagor's recovery of title from a mortgagee who is in possession
and claims title under a void foreclosure sale."[46] <u>Fillion v. David</u>
<u>Silvers Co.</u>, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.]

---

[45]Original Petition, Exhibit B-2 to Notice of Removal, Docket
Entry No. 1-4, p. 5.

[46]<u>See</u> Motion to Dismiss, Docket Entry No. 6, pp. 7-9 ¶¶ 23-27;
Reply, Docket Entry No. 14, pp. 2-3 ¶¶ 4-6.

1986, writ ref'd n.r.e.) (citing <u>Willoughby v. Jones</u>, 151 Tex. 435, 251 S.W.2d 508 (1952)); <u>see also</u> <u>Lopez v. Sovereign Bank, N.A.</u>, No. H-13-1429, 2014 WL 1315834, at *5 (S.D. Tex. March 31, 2014); <u>cf.</u> <u>Slaughter</u>, 162 S.W.2d at 677 ("Slaughter is in no position to complain of the judgment of the Court of Civil Appeals in so far as it permits Qualls to redeem the land from her upon the payment of the balance of the unpaid purchase money.").

Courts have held that when a plaintiff fails to affirmatively plead tender of the outstanding balance the complaint is subject to dismissal for failure to state a claim. <u>See, e.g.</u>, <u>Ashton</u>, 2013 WL 3807756, at *7; <u>Kaechler v. Bank of Am., N.A.</u>, No. H-12-423, 2013 WL 127555, at *7 (S.D. Tex. Jan. 9, 2013); <u>George-Baunchand v. Wells Fargo Home Mortgage, Inc.</u>, No. H-10-3828, 2012 WL 2122198, at *2 (S.D. Tex. June 11, 2012); <u>Hill</u>, 2012 WL 2065377, at *8-9. Accordingly, because Plaintiffs do not plead that they have or will tender the outstanding balance on their mortgage debt, their "action to set aside the foreclosure" will be dismissed for failure to state a claim.[47]

_____

[47]Plaintiffs cite <u>Shearer</u> to argue that "[w]here the Court sets aside the foreclosure sale conducted wrongly by a Lender, the Court puts the parties back in the position prior to the foreclosure sale. . . . This does not mean that the note is forgiven — but it also does not mean that the homeowner must payoff [] the loan on demand." Response, Docket Entry No. 13, p. 9 ¶ 24. In <u>Shearer</u> the Texas appellate court, after affirming the trial court's judgment that the foreclosure sale was void, noted that "[a]t the time of trial, the Shearers allegedly owed approximately $38,763.17 in principal plus $14,468.14 in interest on the note secured by the
(continued...)

## C.   Declaratory Judgment

Plaintiffs argue that their Original Petition "ha[s] made it abundantly clear that they seek a declaration that the February 7, 2012 [foreclosure sale] was void" and that "[f]iling a declaratory judgment is the precise vehicle accepted by the Texas Supreme Court" in such cases.[48]   However, "district courts 'cannot award relief pursuant to the Texas Declaratory Judgment Act because declaratory judgment is procedural, not substantive, and federal courts apply their own procedural rules.'"   <u>Falk v. Wells Fargo Bank</u>, No. 3:09-CV-678-B, 2011 WL 3702666, at *4 (N.D. Tex. Aug. 19, 2011) (quoting <u>Rhodes v. Prince</u>, No. 3:05-CV-2343-D, 2006 WL 954023, at *4 (N.D. Tex. April 11, 2006), <u>aff'd sub nom.</u>, <u>Rhodes v. City of Arlington</u>, 215 F. App'x 329 (5th Cir. 2007)), <u>aff'd sub nom.</u>, <u>Estate of Falk v. Wells Fargo Bank, N.A.</u>, 541 F. App'x 481 (5th Cir. 2013).

---

[47](...continued)
deed of trust" and held that "[b]ecause the foreclosure sale was void, this debt is revived and considered outstanding."   758 S.W.2d at 942-43.   Plaintiffs do not explain how the holding in <u>Shearer</u> relieves them of the requirement to tender "whatever sum is owed on the mortgage debt" in order to recover "title from a mortgagee who is in possession and claims title under a void foreclosure sale."   <u>Fillion</u>, 709 S.W.2d at 246.   Plaintiffs' argument appears to be based on their contention that acceleration was wrongful due to improper notice.   However, even if Wells Fargo wrongly accelerated the debt, Plaintiffs do not allege that they have tendered the amount due on the mortgage absent acceleration.   Accordingly, even if "the sum [that] is owed on the mortgage debt" is interpreted to be less than the total balance outstanding on the Note, Plaintiffs still fail to adequately plead a cause of action to set aside the foreclosure and resulting Substitute Trustee's Deed.

[48]Response, Docket Entry No. 13, p. 14 (citing <u>Holy Cross Church of God in Christ v. Wolf</u>, 44 S.W.3d 562, 565 (Tex. 2001)).

"Because this action was removed from state court, 'the action may be construed as one brought under the federal Declaratory Judgment Act.'" Miller, 970 F. Supp. 2d at 591 (quoting Hurd v. BAC Home Loans Servicing, LP, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012)); see also Bell v. Bank of America Home Loan Servicing LP, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) ("When a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act."). The federal Declaratory Judgment Act does not create a substantive cause of action but, instead, is merely a procedural vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law. See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 57 S. Ct. 461, 463 (1937); Lowe v. Ingalls Shipbuilding, 723 F.2d 1173, 1178 (5th Cir. 1984).

Because the court has concluded that Plaintiffs have failed to state a plausible cause of action against Wells Fargo under any substantive law, no basis remains for the declaratory judgment requested in their Original Petition. See Morlock, L.L.C. v. JPMorgan Chase Bank, N.A., No. H-13-0734, 2013 WL 5781240, at *10-14 (S.D. Tex. Oct. 25, 2013); Morlock, L.L.C. v. JP Morgan Chase Bank, N.A., No. H-12-1448, 2012 WL 3187918, at *7 (S.D. Tex. Aug. 2, 2012), aff'd, No. 12-20623, 2013 WL 2422778 (5th Cir. June 4, 2013).

## IV.   <u>Conclusions and Order</u>

For the reasons explained above, the court concludes that Plaintiffs have failed to state a plausible claim for relief under any cause of action advanced in their Original Petition. Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Docket Entry No. 6) is therefore **GRANTED**.

**SIGNED** at Houston, Texas, on this the 21st day of May, 2014.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE