IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PERRY ALAN JAMES and        §
MARY LYNN JAMES,            §
                            §
            Plaintiffs,     §
                            §
v.                          §       CIVIL ACTION NO. H-14-0449
                            §
WELLS FARGO BANK, N.A.,     §
                            §
            Defendant.      §

## MEMORANDUM OPINION AND ORDER

Plaintiffs Perry Alan James and Mary Lynn James ("Plaintiffs")
brought this action against defendant Wells Fargo Bank, N.A.
("Wells Fargo") alleging causes of action related to the
foreclosure of their home mortgage.  Pending before the court is
Plaintiffs Perry Alan James and Mary Lynn James' Opposed Motion to
Alter or Amend the Judgment ("Motion to Alter or Amend") (Docket
Entry No. 17).  In opposition to Plaintiffs' motion, Wells Fargo
has filed Defendant's Response in Opposition to Plaintiff's Motion
to Alter or Amend the Judgment ("Defendant's Response") (Docket
Entry No. 18).  For the reasons explained below, Plaintiffs' Motion
to Alter or Amend will be denied.

## I.  Background

On February 6, 2014, Plaintiffs brought this action against
Wells Fargo in the 284th Judicial District Court of

Montgomery County, Texas, where it was filed under Cause No. 14-02-01392-CV.[1] Wells Fargo removed the action to this court.[2] On March 18, 2014, Wells Fargo filed a motion to dismiss under Rule 12(b)(6).[3] On April 3, 2014, Plaintiffs filed a motion for extension of time to file a response to Wells Fargo's motion to dismiss,[4] which the court granted.[5] On April 22, 2014, Plaintiffs filed a second motion for extension of time to file a response,[6] which the court granted.[7]

---

[1]Plaintiffs' Original Petition, Exhibit B-2 to Defendant Wells Fargo Bank, N.A.'s Notice of Removal Under 28 U.S.C. § 1441 ("Notice of Removal"), Docket Entry No. 1-4; see also Register of Actions, Exhibit B-1 to Notice of Removal, Docket Entry No. 1-3. Page citations are to the pagination imprinted by the federal court's electronic filing system at the top and right of the document.

[2]Notice of Removal, Docket Entry No. 1.

[3]Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) and Brief in Support ("Motion to Dismiss"), Docket Entry No. 6.

[4]Plaintiffs' Unopposed Motion to Extend Time to File a Response to Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6), Docket Entry No. 7.

[5]Order on Plaintiffs' Unopposed Motion to Extend Time to File a Response to Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6), Docket Entry No. 8.

[6]Plaintiffs' Second Unopposed Motion to Extend Time to File a Response to Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6), Docket Entry No. 9.

[7]Order on Plaintiffs' Second Unopposed Motion to Extend Time to File a Response to Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6), Docket Entry No. 10.

On April 28, 2014, Plaintiffs filed a motion to substitute counsel,[8] which the court granted on April 29, 2014.[9]  Plaintiffs filed their response to Wells Fargo's Motion to Dismiss on April 30, 2014.[10]  Wells Fargo filed a reply on May 7, 2014.[11]  On May 21, 2014, the court granted Wells Fargo's Motion to Dismiss and dismissed the case with prejudice.[12]

On June 3, 2014, Plaintiffs filed the pending Motion to Alter or Amend.[13]  Plaintiffs allege that they intended to file a motion for leave to file an amended complaint before the court entered final judgment, pointing to the following language in their Opposition to Wells Fargo's Motion to Dismiss:

> Contemporaneously with the filing of this brief in support of the opposition to Defendant's Motion to Dismiss, Plaintiffs have filed a Motion for Leave to File an Amended Complaint which supplements the previous petition. Should th[e] Court grant the motion for leave, Defendant's Motion to Dismiss would be rendered moot.[14]

---

[8]Unopposed Motion for Substitution of Counsel, Docket Entry No. 11.

[9]Order Substituting Counsel for Plaintiffs, Docket Entry No. 12.

[10]Plaintiffs Perry Alan James and Mary Lynn James' Opposition to Motion to Dismiss ("Plaintiffs' Opposition"), Docket Entry No. 13.

[11]Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss ("Reply"), Docket Entry No. 14.

[12]Memorandum Opinion and Order, Docket Entry No. 15; Final Judgment, Docket Entry No. 16.

[13]Motion to Alter or Amend, Docket Entry No. 17.

[14]Plaintiffs' Opposition, Docket Entry No. 13, p. 3 ¶ 8; Motion to Alter or Amend, Docket Entry No. 17, p. 3 ¶ 14.

Although Plaintiffs did not file a motion for leave contemporaneously with their Opposition, they contend that their failure to do so should be excused because their substituted counsel did not receive notice of "the orders or other pleadings filed in this action."[15]   Specifically, Plaintiffs contend that their attorney did not receive notice of the court's order substituting counsel, Wells Fargo's Reply, or the entry of the court's memorandum opinion and final judgment.[16]  Plaintiffs request that the court allow them to file an amended complaint, which they have attached to their Motion to Alter or Amend.[17]   On June 11, 2014, Wells Fargo filed a response to Plaintiffs' Motion to Alter or Amend.[18]

## II.   **Standard of Review**

Generally, a court is not required to grant a motion to alter or amend a judgment under Rule 59(e) unless the moving party (1) clearly establishes a manifest error of law or fact, (2) presents newly discovered evidence, or (3) demonstrates an intervening change in the controlling law.  Schiller v. Physicians

---

[15]Motion to Alter or Amend, Docket Entry No. 17, p. 1 ¶ 2.

[16]Id. at 3 ¶ 12; Affidavit of James Nathan Overstreet, Exhibit B to Motion to Alter or Amend, Docket Entry No. 17-2, p. 1.

[17]Plaintiffs Perry Alan James and Mary Lynn James' First Amended Complaint for Wrongful Foreclosure, Breach of Contract, Fraud and For Declaratory Judgment ("First Amended Complaint"), Exhibit A to Motion to Alter or Amend, Docket Entry No. 17-1.

[18]Defendant's Response, Docket Entry No. 18.

Resource Group Inc., 342 F.3d 563, 567-68 (5th Cir. 2003) (citing
Rosenzweig v. Azurix Corp., 332 F.3d 854, 863-64 (5th Cir. 2003);
In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002)).  A
motion under Rule 59(e) "'cannot be used to raise arguments which
could, and should, have been made before the judgment issued.'"
Id. at 567 (quoting Rosenzweig, 332 F.3d at 863-64).

    If the party moving under Rule 59(e) requests that the court
vacate its judgment in order to give it an opportunity to amend its
complaint, the trial court's discretion may be more constrained.
See Rosenzweig, 332 F.3d at 864.   In such a situation, "'the
disposition of the plaintiff's motion to vacate under rule 59(e)
should be governed by the same considerations controlling the
exercise of discretion under rule 15(a).'"   Id. at 864 (quoting
Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 n.1 (5th Cir.
1981)).

    Rule 15(a) provides that leave to amend should be "freely
give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).
This standard, however, "is tempered by the necessary power of a
district court to manage a case."   Schiller, 342 F.3d at 566
(citing Shivangi v. Dean Witter Reynolds, Inc., 825 F.2d 885, 891
(5th Cir. 1987)).  A court may deny leave to amend in the event of
"undue delay, bad faith or dilatory motive on the part of the
movant, repeated failure to cure deficiencies by amendments
previously allowed, undue prejudice to the opposing party . . .,
[or] futility of amendment." Foman v. Davis, 83 S. Ct. 227, 230

(1962); accord Schiller, 342 F.3d at 566; Rosenzweig, 332 F.3d at 864. Moreover, the court may deny a Rule 59(e) motion requesting another opportunity to amend a complaint if the proposed amended complaint is "not based on newly discovered evidence that was unavailable prior to the district court's judgment . . . ." Schiller, 342 F.3d at 569 (citing Vielma v. Eureka Co., 218 F.3d 458, 468 (5th Cir. 2000)).

### III.  **Analysis**

Plaintiffs argue that they "are entitled to have the judgment altered or amended given that leave was requested to file an amended complaint and the clerk of [the] court failed to provide [their attorney] notices of the orders or other pleadings filed in this action."[19]  In their Opposition to Wells Fargo's Motion to Dismiss, Plaintiffs alleged that they had contemporaneously filed a motion for leave to amend their complaint.[20]  However, Plaintiffs in fact did not file a motion for leave contemporaneously with their Opposition.  Had Plaintiffs timely filed a motion for leave, the court certainly would have considered it.

Plaintiffs had ample opportunity to file a motion for leave. Indeed, the court did not rule on Wells Fargo's Motion to Dismiss until three weeks after Plaintiffs filed their Opposition. Plaintiffs acknowledge that the court "did not need to consider a

---

[19]Motion to Alter or Amend, Docket Entry No. 17, p. 1 ¶ 2.

[20]Plaintiffs' Opposition, Docket Entry No. 13, p. 3 ¶ 8.

-6-

perfunctory request for leave to amend without informing the court of the substance of its proposed amendment or furnishing the court with a proposed amended complaint."[21]  Plaintiffs' Opposition merely indicated that Plaintiffs had "filed a Motion for Leave to File an Amended Complaint which supplements the previous petition"[22] and did not explain how an amendment would state a claim.   Indeed, Plaintiffs acknowledge that they did not even file the referenced motion for leave.[23]

Plaintiffs argue that their failure to timely file their motion for leave and proposed amended complaint should be excused because their attorney did not receive notice of the court's order substituting counsel, the filing of Wells Fargo's Reply, or the court's memorandum opinion and entry of final judgment.[24] Plaintiffs allege that their attorney "only learned about the entry of the final dismissal of this cause when attempting to file the Motion for Leave to File an Amended Complaint on the evening of June 2, 2014."[25]  However, as noted above, Plaintiffs had ample

---

[21]Motion to Alter or Amend, Docket Entry No. 17, p. 4 ¶ 17.

[22]Plaintiffs' Opposition, Docket Entry No. 13, p. 3 ¶ 8.

[23]Motion to Alter or Amend, Docket Entry No. 17, p. 3 ¶¶ 13-14.

[24]Id. at 2-3 ¶¶ 11-14, 5 ¶ 18; see also Affidavit of James Nathan Overstreet, Exhibit B to Motion to Alter or Amend, Docket Entry No. 17-2.

[25]Motion to Alter or Amend, Docket Entry No. 17, p. 3 ¶ 13; see also Affidavit of James Nathan Overstreet, Exhibit B to Motion to Alter or Amend, Docket Entry No. 17-2.

opportunity to file a motion for leave before the court ruled on Wells Fargo's Motion to Dismiss, and they do not explain how their lack of notice prevented them from doing so.   Moreover, Wells Fargo's Motion to Dismiss was fully briefed.   Plaintiffs filed an Opposition to the motion and nothing in the federal or local rules entitled plaintiffs to file a sur-reply.

In addition, Plaintiffs' proposed First Amended Complaint does not allege any "newly discovered evidence that was unavailable prior to the district court's judgment . . . ."   <u>Schiller</u>, 342 F.3d at 569 (citing <u>Vielma</u>, 218 F.3d at 468).   Plaintiffs re-urge their claims for statutory fraud, common-law fraud, and their "action to set aside the foreclosure sale."[26]   As the court explained in its Memorandum Opinion and Order, the statutory basis for Plaintiffs' fraud claims does not apply to the facts of this case.[27]   Although Plaintiffs provide further factual enhancement to support their common-law fraud claims, it does not appear that any of these facts were unavailable prior to the court's judgment.   <u>Schiller</u>, 342 F.3d at 569.

Plaintiffs do introduce new arguments to support their "action to set aside the foreclosure," which are based on the so-called split-the-note theory and the role of MERS in the assignment and

---

[26]<u>Compare</u> First Amended Complaint, Exhibit A to Motion to Alter or Amend, Docket Entry No. 17-1, pp. 16–18 ¶¶ 65–74, pp. 19–21 ¶¶ 76–80, <u>with</u> Plaintiffs' Original Petition, Exhibit B-2 to Notice of Removal, Docket Entry No. 1-4, pp. 3–4.

[27]Memorandum Opinion and Order, Docket Entry No. 15, pp. 9–10.

securitization of their mortgage.[28]   This court has already considered and rejected identical arguments in other cases. <u>See Van Duzer v. U.S. Bank Nat. Ass'n</u>, No. H-13-1398, 2014 WL 357878, at *6-8 (S.D. Tex. Jan. 31, 2014); <u>Felder v. Countrywide Home Loans</u>, No. H-13-0282, 2013 WL 6805843, at *15-19 (S.D. Tex. Dec. 20, 2013); <u>Morlock, L.L.C. v. JPMorgan Chase Bank, N.A.</u>, No. H-13-0734, 2013 WL 5781240, at *11-13 (S.D. Tex. Oct. 25, 2013). Furthermore, the court dismissed Plaintiffs' "action to set aside the foreclosure" because Plaintiffs failed to plead that they had tendered the outstanding balance on their mortgage.[29] Plaintiffs' proposed First Amended Complaint likewise fails to allege that Plaintiffs have tendered the outstanding balance on their mortgage.  It would therefore be futile to allow the filing of Plaintiffs' First Amended Complaint as to this issue.

Plaintiffs also allege two new causes of action in their proposed First Amended Complaint. First, Plaintiffs allege a cause of action for breach of contract.[30]  However, the court already construed Plaintiffs' allegations concerning improper notice as a claim for breach of contract and rejected such claim in its prior Memorandum Opinion and Order.[31]  To the extent that Plaintiffs

---

[28]First Amended Complaint, Exhibit A to Motion to Alter or Amend, Docket Entry No. 17-1, pp. 16-18 ¶¶ 65-74.

[29]Memorandum Opinion and Order, Docket Entry No. 15, pp. 20-21.

[30]First Amended Complaint, Exhibit A to Motion to Alter or Amend, Docket Entry No. 17-1, pp. 14-15 ¶¶ 61-64.

[31]Memorandum Opinion and Order, Docket Entry No. 15, pp. 17-18.

allege additional facts to support their claims for breach of contract, they have not alleged that any of those facts were unavailable prior to the court's judgment. See Schiller, 342 F.3d at 569 ("Because the [proposed amended complaint] was not based on newly discovered evidence that was unavailable prior to the district court's judgment, we find that the district court did not abuse its discretion in denying [the plaintiff's] Rule 59(e) motion.").

Plaintiffs also assert that they intend to allege a cause of action for "wrongful lockout" under § 93.002 of the Texas Property Code.[32] However, § 93.002 "applies only to the relationship between landlords and tenants of commercial rental property." Tex. Prop. Code Ann. § 93.001 (West). Plaintiffs' allegations may be more properly construed under § 92.0081. See Tex. Prop. Code Ann. § 92.0081 (West) (governing exclusion of a residential tenant). But see Ezennia v. Wells Fargo Bank, N.A., No. H-10-5004, 2012 WL 1556170, at *8 (S.D. Tex. Apr. 27, 2012) ("Texas cases recognizing a claim for wrongful eviction generally involve an eviction of a tenant by a landlord." (citing McKenzie v. Carte, 385 S.W.2d 520, 528 (Tex. App.—Corpus Christi 1965, writ ref'd n.r.e.); In re ACM-Tex, Inc., 430 B.R. 371, 417 (Bankr. W.D. Tex. 2010))), appeal dism'd, No. 12-20787 (5th Cir. May 21, 2013); Martinez-Bey

---

[32]First Amended Complaint, Exhibit A to Motion to Alter or Amend, Docket Entry No. 17-1, p. 19 ¶ 75.

v. Bank of Am., N.A., No. 3:12-CV-4986-G BH, 2013 WL 3054000, at
*12 (N.D. Tex. June 18, 2013) (dismissing a plaintiff's claim for
wrongful eviction in part because "the contract that he purportedly
signed . . . was a purchase contract and not a lease").  However,
Plaintiffs acknowledge that the factual basis for their "wrongful
lockout" cause of action was known to them prior to the court's
judgment.[33]  Indeed, Plaintiffs' Original Petition alleged that "at
a time when no delinquency existed on the loan [Wells Fargo]
without cause or justification locked the Plaintiffs out of the
property many months before the [foreclosure] sale."[34]  The court
noted in its Memorandum Opinion and Order that Plaintiffs had "not
alleged any independent cause of action related to these
allegations."[35]  Because the relevant facts were already known to
them, Plaintiffs could have filed their proposed First Amended
Complaint in response to Wells Fargo's Motion to Dismiss or at any
time during the three weeks after they filed their Opposition
before the court's ruling.  Accordingly, "plaintiffs did not
exercise diligence" and, therefore, should not be allowed to amend
their complaint now.  Rosenzweig, 332 F.3d at 865.

---

[33]Motion to Alter or Amend, Docket Entry No. 17, p. 6 ¶ 11.

[34]Original Petition, Exhibit B-2 to Notice of Removal, Docket
Entry No. 1-4, p. 3.

[35]Memorandum Opinion and Order, Docket Entry No. 15, p. 14
n.38.

## IV.  Order

For the reasons explained above, Plaintiffs Perry Alan James and Mary Lynn James' Opposed Motion to Alter or Amend the Judgment (Docket Entry No. 17) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 2nd day of July, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-12-